United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAURICIO SANTOS DORIA,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

Case No. 26-cv-13374-JSC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Mauricio Santos Doria, who is originally from Brazil, entered the United States on a B-2 tourist visa on June 5, 2017, and overstayed his visa. In 2023, Mr. Santos Doria filed an application for asylum and withholding of removal, which remains pending before the United States Citizenship and Immigration Services. He has lived in the Bay Area since about January 2018 and at the same address in San Mateo, California with his fiancé since about September 2024. Mr. Santos Doria is authorized to work in the United States and has driven for Uber and Lyft since 2017. He has no criminal history.

On November 6, 2026, at about 5:00 am, Mr. Santos Doria was driving to pick up an Uber passenger in San Carlos, California, when several Immigration and Customs Enforcement ("ICE") officers pulled him over, arrested him, and transported him to the San Francisco ICE Field Office. The officers did not show Mr. Santos Doria a warrant or any other document at the time of his arrest and did not provide any explanation as to why he was being arrested. Mr. Santos Doria was swiftly placed into ICE custody. Mr. Santos Doria, through counsel, filed the underlying habeas petition, along with a motion for a temporary restraining order, later the same day. (Dkt. Nos. 1, 3.) The general duty judge ordered Mr. Santos Doria released and returned to the district. (Dkt. No. 4.) Respondents released Mr. Santos Doria in San Francisco on November 7, 2026. (Dkt. No.

United States District Court
Northern District of California

7.) The Court granted his motion for a TRO, concluding Mr. Santos Doria had established a strong likelihood of success on the merits of his procedural due process claim. (Dkt. No. 10.) Respondents are currently enjoined from re-detaining Petitioner without "at least seven days' notice and a pre-deprivation hearing before a neutral decisionmaker." (*Id.* at 8.)

The Court directed the parties to meet and confer regarding disposition of the habeas petition. (*Id.*) The parties filed a joint stipulation "submit[ting] that this Court can issue a final judgment on the merits of Petitioner's habeas petition without further briefing." (Dkt. No. 11 at 4.)

The Court thus affirms the findings and conclusions in its temporary restraining order and GRANTS habeas relief to Petitioner. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice and a pre-deprivation hearing during which a neutral decisionmaker must consider whether Petitioner is either a danger to the community or a flight risk such that his physical custody is required.

The Court will enter separate judgment.

**IT IS SO ORDERED.**

Dated: November 25, 2026

JACQUELINE SCOTT CORLEY
United States District Judge